# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL B. BYNOE,

    *Petitioner*,

vs.

WARDEN BACA, *et al.,*

    *Respondents*.

3:14-cv-00291-LRH-WGC

ORDER

    This prisoner civil action comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review.

    State inmate Michael Bynoe has filed a purported habeas action that presents nothing other than a motion to raise his prison legal copy credit limit. Petitioner presents no pleadings but instead presents only the motion. Under "[b]rief description of cause," the civil cover sheet states: "Motion to Extend Prison Copywork 28 U.S.C. § 2250." A document styled as a "Request for Submission" requests that the copy credit motion be submitted. A declaration filed as the last page with the pauper application, together with the exhibit referenced therein, reflects that: (a) Bynoe seeks purportedly "to continue to prosecute an appeal from a judgment . . . of a second successive habeas action;" (b) the "judgment" in question is a May 23, 2014, denial of *en banc* reconsideration by the Supreme Court of Nevada in No. 63478 in that court; and (c) the unspecified copy work sought "is for the 'Application for Leave to File Second or Successive Petition'" in the Ninth Circuit.

    The papers presented are subject to multiple defects.

    First, petitioner may not commence a civil action by filing only a motion without any pleadings, and a habeas matter must be commenced on the petition form required under the local rules.

Second, 28 U.S.C. § 2250 does not create a freestanding cause of action that is enforceable in a separate civil action. Nor does § 2250 provide a basis for a court to raise an inmate's prison legal copy credit limit, whether via a separate civil action or otherwise. The statute states that "[i]f *on any application for a writ of habeas corpus* an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record *on file in his office* as may be required by order of the judge before whom the application is pending." (Emphasis added). There is no habeas petition in this matter, and Bynoe is not seeking copies of parts of the record on file in the Clerk's office in this matter. The statute does not provide a basis for a stand-alone civil action separate and apart from a habeas petition, and the statute further has nothing to do with requests to increase a prison legal copy credit limit.

Third, given that this action in truth does not present a habeas petition and instead presents a freestanding request for an increase in the copy credit limit, petitioner has not presented a proper pauper application. Bynoe signed the application on the premise that the action was a habeas action with a $5.00 filing fee. This is not a habeas action. At best, it is a civil rights action in which petitioner seeks an increase in his prison legal copy credit limit based on his right of access to the courts as to which Bynoe has failed to properly commence the action by submitting a civil rights complaint on the required form. Accordingly, the filing fee under 28 U.S.C. § 1914(a) is $350.00. To properly commence a civil rights action as an inmate, Bynoe must execute a pauper application premised upon the action being a civil rights action. Bynoe's acknowledgments in the pauper application then would be directed to his obligation to pay the full $350.00 in installments under the Prison Litigation Reform Act. He may not commence what in truth would be a civil rights action instead as a habeas action to avoid his obligations to ultimately pay the $350.00 filing fee pursuant to the Prison Litigation Reform Act.

The Court expresses no opinion as to the appropriate action on Bynoe's motion if presented within a properly commenced civil action. The boilerplate motion states that it is not seeking a blanket request, but in the same sentence the motion states that it seeks "only an Order for those copies that are, or may be, necessary for the instant action." That in fact is what a blanket request is – an open-ended request for an indeterminate number of copies with no particularized showing of a specific need.

Nor does the Court express any opinion as to whether such a motion may be submitted along with an application to file a second or successive petition in the Court of Appeals. The Court will direct that the Clerk of this Court send petitioner copies of the application form to assure that petitioner is able to present such an application to the appellate court if that is what he seeks to do.[1]

Due to these multiple defects, this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice would materially impact adjudication of any issue of substance in a promptly filed new action or otherwise cause substantial prejudice. At the very outset, nothing in the papers currently before the Court state any underlying claims for relief. There thus are no claims in the current papers to which claims in later filings could relate back. Further, as discussed in the footnote below, the filing date of this action would have no material bearing on the analysis of the timeliness of a subsequent filing. At this point, petitioner would need substantially more than the constructive filing date of this improperly-commenced action to establish the timeliness of any later proceedings, if possible.[2]

---

[1] The Court expresses no opinion as to whether such an application is needed or warranted or as to any other issue regarding the relief, if any, available to petitioner at this juncture. The Court only is directing the Clerk to provide petitioner copies of a form for an application that he states that he intends to file. As also stated *infra*, petitioner at all times is responsible for timely and properly seeking appropriate relief through a proper procedural vehicle. Nothing herein reflects that petitioner still may have timely claims remaining.

[2] The papers presented and the online docket records of the state courts reflect the following:

Michael Bynoe was convicted in Nevada state court, pursuant to a plea of guilty but mentally ill, of lewdness with a child under the age of fourteen. The judgment of conviction was filed on March 7, 2000, and the time to file a direct appeal expired on April 7, 2000. While Bynoe has filed a variety of state and federal matters over the years, it does not appear that any state proceedings were filed prior to the putative expiration of the federal limitation period on Monday, April 9, 2001, that would have statutorily tolled the federal limitation period.

Bynoe's prior federal petition in No. 3:07-cv-00009-LRH-VPC was dismissed without prejudice due to the complete lack of exhaustion as to any claim, such that a stay was not available. The Ninth Circuit thereafter denied a certificate of appealability, and the United States Supreme Court denied *certiorari* review.

In the state supreme court proceeding to which petitioner refers, No. 63478, the court affirmed the denial of a state post-conviction petition as untimely. The petition was filed in the state district court on February 7, 2012, and the state supreme court denied *en banc* reconsideration of its January 15, 2014, order of affirmance on May 23, 2014.

The dismissal of the present action without prejudice will not materially impact the adjudication of a timeliness issue in a promptly-filed new proceeding. The timeliness of a properly commenced new proceeding would not hinge

(continued...)

1     IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is
2 DENIED without prejudice and that this action shall be DISMISSED without prejudice.

3     IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of reason
4 would not find the dismissal of the improperly-commenced action without prejudice to be debatable or
5 wrong, as the dismissal will not materially impact any issue of significance in a new proceeding or
6 otherwise result in substantial prejudice.  See text at 2 and n.2, *supra*.

7     The Clerk shall SEND petitioner four copies of an application for leave to file a second or
8 successive petition from the Ninth Circuit's website, along with two copies of the papers that he
9 submitted in this action.[3]

10     The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

11     DATED this 9th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
upon the filing date of this action, given that the federal limitation period putatively expired more than thirteen years prior to the constructive filing of this action.  Moreover, as noted in the text, there are no claims in the current papers to which claims in later papers could relate back.

    The Court emphasizes that: (a) it is not directing petitioner to file any particular claims or pleadings in a new proceeding but simply is dismissing this improperly-commenced action without prejudice; and (b) it makes no representation that any of petitioner's claims are timely, exhausted, or otherwise viable, either at this point or at the time of the filing of new proceeding.  Petitioner at all times remains responsible for filing timely claims in an appropriate state or federal procedural vehicle after satisfying any applicable exhaustion requirement.

[3]The form in question is Form 12 at the following:

http://www.ca9.uscourts.gov/forms/
http://cdn.ca9.uscourts.gov/datastore/uploads/forms/form12.pdf